UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SOUTHEAST MILK, INC.,

               Petitioner,

v.                                     Case No.  5:05-mc-3-Oc-10GRJ

GEOFFREY R. "GRUMPY" COATES,

               Respondent.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Southeast Milk, Inc.'s Petition For Sanctions In Accordance With Administrative Law Judge's Order Certifying Facts To The United States District Court For The Middle District of Florida. (Doc. 1.)  On March 22, 2005, the Court conducted a hearing, attended by counsel for SMI and by Geoffrey R. Coates, *pro se*, and the matter is now ripe for decision.

## I.  BACKGROUND

The case currently pending before this Court was initiated by Southeast Milk, Inc. ("SMI") requesting that the Court enter an order imposing sanctions against Respondent Geoffrey Coates ("Coates") pursuant to an Order Certifying Facts to the United States District Court for the Middle District of Florida, issued by Administrative Law Judge, Daniel A. Sarno, Jr. on February 10, 2005. ("ALJ Order.") The ALJ Order was issued by

_____

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

the ALJ in an administrative proceeding stemming from a complaint filed by Coates against SMI pursuant to § 31105 of the Surface Transportation Assistance Act of 1982.[2]

On January 6, 2005, in the administrative proceeding ALJ Sarno issued Pre-Hearing Order # 11,[3] ordering Coates to return to SMI all copies of a December 23, 2003 memorandum[4] (the "Privileged Document"), mistakenly produced by SMI during discovery, which ALJ Sarno determined was protected by the attorney-client privilege. Additionally, the ALJ ordered that Mr. Coates refrain from relying on, referring to, or using the Privileged Document for any purpose.

However, following the issuance of Pre-Hearing Order # 11, Mr. Coates did not return the Privileged Document and instead continued to distribute it to various entities, including customers of SMI and federal agencies.  As a result of these actions, SMI filed a Motion for Sanctions to enforce Pre-Hearing Order # 11, to which Coats filed a response in opposition. ALJ Sarno found that Coates had violated Pre-Hearing Order # 11 and that he had no intention of complying with the Order in the future.  Accordingly, ALJ Sarno certified these facts to this Court, requesting that this Court issue appropriate sanctions. SMI requests that the Court direct Coates to pay its attorney's fees and costs as a sanction to enforce ALJ Sarno's Order.

---

[2] The administrative case number assigned to the case underlying this matter is 2004-STA-0060. The case is presently pending before the Department of Labor's Administrative Review Board, following ALJ Sarno's entry of a Recommended Decision and Order Granting Respondent's Motion for Summary Decision.  Exhibit 3 to the ALJ's Order Certifying Facts.

[3] Exhibit 1 to the ALJ's Order Certifying Facts.

[4] This document was bates stamp labeled SMIGC.DP 86-87.

## II. **DISCUSSION**

Pursuant to 29 C.F.R. § 18.29(b), the ALJ has the authority to seek enforcement of matters within his powers as follows:

> If any person in proceedings before an adjudication officer disobeys or resists any lawful order or process, . . . the administrative law judge responsible for the adjudication, where authorized by statute or law, may certify the facts to the Federal District Court having jurisdiction in the place in which he or she is sitting to request appropriate remedies.

Because this matter is before the Court solely based on the referral permitted by 29 C.F.R. § 18.29(b), the sole issue before the Court is whether sanctions should be imposed against Mr. Coates and, if so, the amount of such sanctions.

After the petition was filed in this Court, the Court issued an Order to Show Cause (Doc. 3) setting a hearing and directing Coates to file a written response to the petition showing cause why sanctions should not be entered against him based on his conduct in the administrative proceeding.

Coates appeared at the hearing and did not challenge that he had violated Pre-Hearing Order # 11. Further, Coates agreed to return all copies of the Privileged Document to SMI. Accordingly, based on Coates' admission at the hearing that he would return all copies of the Privileged Document, the Court directed Coates to return to counsel for SMI by March 25, 2005 all copies of the Privileged Document and to provide written certification to counsel for SMI that all copies of the Privileged Document have been returned. (Doc. 7.) Further, in order to determine the amount of attorney's fees and expenses incurred by SMI in preparing and filing the documents to obtain enforcement of ALJ's Sarno's Order,  the Court directed SMI to file an affidavit attesting to the details of the attorney's fees and expenses incurred by it in obtaining compliance

3

with ALJ Sarno's order and granted Coates an opportunity to file a response in opposition limited to the amount of fees and expenses requested by SMI in its affidavit.

SMI has filed the affidavit of counsel, Robert G. Riegel, Jr. (Doc. 9), averring that for approximately twenty-three years he has been involved in representing management in labor and employment matters. Mr. Reigel's normal hourly rate is $240.00 per hour, which was the rate charged SMI for representing it in this matter. Further, Mr. Riegel's firm charged SMI $125.00 per hour for the services of Alva L. Cross, the associate attorney assigned to work with Mr. Riegel on this matter.

Attached to Mr. Riegels' affidavit are a detailed description, broken down by date and time, of the services performed by Mr. Reigel and Ms. Cross and copies of the invoices and/or checks issued with regard to the costs and expenses incurred. SMI requests attorney's fees in the amount of $6,402.50,[5] as well as expenses and costs in the amount of $211.73, for a total of $6,614.23.

Rather than filing a response challenging the hours expended , the expenses incurred or the hourly rate, Coates filed a Motion to Dismiss (Doc. 10),[6] raising a number of grounds challenging the sanctions order entered by ALJ Sarno, none of which relate to the limited task of this Court to determine the appropriate amount of attorney's fees to be assessed against him as sanctions.

Although Coates advises the Court that he has now returned all copies of the Privileged Document, he nonetheless repeatedly disobeyed an order of the ALJ

---

[5] This sum represents 13.5 hours for Mr. Reigel at the hourly rate of $240.00 and 25.3 hours for Ms. Chapman at the hourly rate of $125.00.

[6] Mr. Coates has since filed various other documents, none of which address the sole issue remaining before this Court, the sanctions to be entered against him.

4

presiding over his case, thereby causing SMI to file a motion for sanctions before ALJ

Sarno ,and when that Order was ignored, left SMI with no choice other than to petition

this Court to enforce ALJ Sarno's orders. In response to SMI's requests for fees and the

facts certified by ALJ Sarno, Coates failed to offer any substantial justification - at the

hearing - for his noncompliance with ALJ Sarno's Order. Accordingly, the Court finds

that sanctions are due be entered against Coates, for the purposes of coercing his

future compliance with the orders of ALJ Sarno and for reimbursing SMI for the costs of

obtaining his compliance.[7]

   The fees requested by SMI were reasonable and necessary in order to obtain

compliance with ALJ's Sarno's Orders.[8] Further, the Court finds that the hourly rates

requested for Mr. Riegel and Ms. Cross are reasonable and consistent with the rates

charged in the marketplace for the legal community in the North Central Florida area by

other attorneys of comparable experience and competence.

   A review of the line items in the Riegel affidavit, describing the services rendered

by SMI's attorneys, discloses that all of the services were directly related to either

preparing and filing the request for sanctions before the ALJ or preparing written

---

   [7] The inherent power of the Court to manage the cases before it, includes the authority to level sanctions when necessary.  Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir. 1993) ("Deeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.  Courts' inherent power also extends to parties to litigation.") (internal citations and punctuation omitted).  In an action for remedies under 29 C.F.R. § 18.29, the Court considers any disobedience or misbehavior before an ALJ as if it occurred before the Court itself.

   [8] The fees requested by SMI do not include services rendered in this proceeding subsequent to the date of the affidavit. Since that date, Coates has filed a number of documents, all of which have nothing to do with the limited jurisdiction of this Court to award sanctions and all of which have required SMI needlessly to continue to incur attorney's fees in this case.

submissions in this Court and appearing before this Court at the hearing.[9]  Thus, Plaintiff should be sanctioned the full amount of attorneys' fees reported in the affidavit, because all of the attorney's fees were incurred in furtherance of obtaining compliance with ALJ Sarno's order.

Lastly, other than the expenses for computer assisted legal research,[10] the Court finds that the expenses documented in the affidavit[11] were incurred in obtaining compliance by Coates and should, therefore, be imposed as sanctions, as well.

## III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that:

(1) Southeast Milk, Inc.'s Petition for Sanctions In Accordance with Administrative Law Judge Daniel A. Sarno, Jr.'s Order Certifying Facts to the United States District Court for the Middle District of Florida (Doc. 1) be **GRANTED**;

(2) Geoffrey R. Coates be ordered to pay to Southeast Milk, Inc., as sanctions, attorneys' fees in the amount of $6,402.50 and expenses and costs in the amount of $139.73, for a total of **$6,542.23**; and

---

[9] Additionally, the Court notes that, while two attorneys attended the hearing, only the time spent at the hearing by one attorney is reported in the affidavit.

[10] SMI requests Westlaw research charges of $72.00 although there is no specification of the subject matter of the research. However, even if SMI had specified the nature of the research it is not entitled to recovery of these charges because computer assisted legal research charges normally are not taxable costs in view of the fact that such charges are assumed to be included in the compensation for attorney's fees. *See,* Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1339 (M.D. Fla. 2002); El-Fadl v. Central Bank of Jordan, 163 F.R.D. 389, 390-91 (D.C. 1995)("Section 1920 makes no provision for the shifting of computer related research costs.").

[11] These expenses include charges for mileage between counsel's offices and the Courthouse, and for the filing fee of the instant action. This amount totals the sum of $139.73 after deducting the charges for Westlaw computer research.

(3) the Clerk be directed to terminate any pending motions and close the file in this matter.

**IN CHAMBERS** in Ocala, Florida, on May 31 , 2005.


GARY R. JONES
United States Magistrate Judge


Copies to:
      The Honorable Wm. Terrell Hodges
      Senior United States District Judge

      Geoffrey R. Coates, *pro se*

      Counsel of Record